The next case called for an argument is Crawford County Oil v. Weger. Also, whenever you're ready, you may proceed. Good morning, justices. Please report. My name is Greg Stewart. I'm from the law firm of Conrad Elliott and Carmine. Conrad Elliott is an attorney of the record for the plaintiffs in this case, which are Crawford County Oil and the Cross. First, let me give you a little scorecard of the players here. Crawford County Oil is the lessee under two oil and gas leases in Crawford County, Illinois called the Murphy and the Connick. They adjoin each other. The oil and gas leases were operated by the Cross for Crawford County Oil. The defendants are the surface owners of the Murphy and the Connick leases. But for cause of action purposes, as I'll tell you about in a second, they were divided up into separate counts. What you have here is a Rule 308 interlocutory appeal coming before this court. It's a little different road here than normal. Through that interlocutory appeal, the court has been provided with three questions from the trial court in Crawford County. I want to read those to you, which is the reason we're here. Question one, are factual allegations in a complaint which are not denied deemed admitted? I want to introduce evidence in support thereof. Question three, does a trial court have discretion to order a defendant after the close of plaintiff's case in chief to make an initial answer to plaintiff's complaint when the defendant had not previously answered the allegations in the complaint? Those are the three questions that have been presented by the trial court for you to answer. Let's look at what happened to the trial court to get us here. Crawford County Boyle and La Crosse filed a four-count complaint. Again, divided between the Murphy and the Connick leases. Counts one and two sought an injunction. The reason for the injunction was that, as pled in the complaint, the state of Illinois, through the Illinois Department of Natural Resources, had directed La Crosse, as the operator of the Murphy and Connick leases, to plug certain well door holes on those leases. Crawford County, through La Crosse, had attempted to plug those wells, and the surface owners had denied Crawford County and La Crosse access to the surface to do the plugging. So we have two counts within the complaint seeking an injunction against the surface owners to allow Crawford County and La Crosse to come on and meet the mandates of the state directive to plug the wells. Counts three and four were against the same surface owners for promissory stop. The gist of those allegations were that the surface owners had agreed to, through their agent, allow La Crosse to come onto the property to plug the wells. La Crosse was in the process of doing the plugging. The surface owners, through their agent, called the sheriff of Crawford County and directed La Crosse to be removed. The sheriff did it. La Crosse left, and it left well door holes on the property open, subject to the free flow of oil. So we have a four count complaint that is filed. The defendants entered their appearance. They filed a motion to dismiss, and later they filed a motion for summary judgment. Now, as you will note, in the defendant's brief to this court, they admit the trial court denied those motions. Again, the trial court denied those motions, and as we approached trial, no answer was ever filed by the defendants to the four count complaint. The defendant never had an answer. The defendant never answered prior to the trial. We showed up for a two-day bench trial. Both parties announced ready for trial. The trial starts. I'm trial counsel. At that time, did the defense attorney's head answer? No. No answer. The case commences with both parties saying they announced ready for trial. I immediately said, I move the court to read into the record the allegations of the complaint as admissions, along with the matters contained within the exhibits. The court says, you can go ahead and start. There became an argument then at that point whether there had been an answer or not. I'm going to cite you from the record, which is contained within our reply brief. After I make the motion, the court, all right, Mr. Mack, counsel for the defendants, what is your position? Mr. Mack, I would have sworn we filed an answer if you can give me one moment. The court, certainly. Mr. Mack, I don't seem to have an answer at this time. I would simply note that there, as far as I'm aware, was no order directing that an answer be filed by a specific date. The court. Okay. Anything else? Mr. Mack, not at this time. Was there a request by defense counsel to grant leave to file an answer? The only thing that he stated on the record was, was a very brief statement that the defendants could read an answer into the record. There was no motion made, no request for leave to do it. He just made the statement they could do it. No motion was made. And did the court say you can or can't or just let them do it? The court did not let him do it at that time. There was no motion made. Orally he didn't say this is my answer here? No. He said we could read one in, and then he followed up with, well, if they're admissions, Mr. The complaint was verified? Verified. A verified complaint. Complaint verified. I seek to read the admissions into the record. There's the statements made by counsel on the record that I just read to you, and the judge said you can read the admissions in. Mr. Mack comes back on behalf of the defendants and says, well, if they're admissions, they're just evidentiary admissions. They're not judicial admissions, as Mr. Stewart argues. We have an argument upon the record, which is within the exhibits for application for legal appeal. And the circuit court leaves the bench and does its own research. It comes back and it cites a dissolution of marriage case called heck, which is cited in our brief. And the trial court says, based upon the heck case, I deem those admissions to be evidentiary only. At that time, I, as an officer of the court, state to you, I had not read the heck case, but I'm familiar with dissolution of marriage law. And I know that dissolution of marriage law is statutory in nature. So the case struck me as a dissolution case. It would not apply to our facts. So the next thing that happened with the record is the court looked to Mr. Mack on behalf of the defendants and said, do you want Mr. Stewart to read all these into the record? Or can I, by stipulation, take those as evidentiary admission? Mr. Mack said, on the record, you can take judicial notice of all matters within the complaint in the exhibits. We then proceeded to call two witnesses, attorney Craig from here in Mount Vernon, who specializes in oil and gas. The substance of Mr. Heaton's testimony was, is that Crawford County Oil and La Crosse could suffer irreparable harm because the damages that they could incur for failure to plug wells with the state of Illinois could shut their business down. You can't calculate the damages. Or the damages of improperly plugging wells by someone else could lead to astronomical damages, again, shut the business down. We called Bill Bissey on behalf of La Crosse.  Mr. Bissey testified as to the irreparable harm for the injunctive relief in counts one and two. Mr. Bissey testified that La Crosse was under what's called a permit block from IBNR. They couldn't receive any further permits to do business like get paint trucks to do things in the state of Illinois until this well plugging issue was taken care of. We rested. That was the end of day one of the trial. We presented no evidence on the promissory stop counts. Again, the only evidence we presented was irreparable harm on counts one and two. I, that night, looked at the head case and came back in the next morning and said to the trial court, the head case is inapplicable. An argument was held on the record, again, which is before you. And the trial court said, Mr. Stewart's right. The head case is inapplicable. I was waiting for a ruling at that point that said, well, since they're not evidentiary admissions, they're judicial admissions. But the trial court said at that point, I direct the defendants to make an oral answer on the record within five minutes. This was done after the close of plaintiff's case in chief. The defendants left, came back, read an answer into the record. That answer. Did the following. Count one and denied 12 of the 26 paragraphs of the complaint. Count two and denied 13 of the 26 paragraphs of the complaint. Count three denied 11 of 27 paragraphs of the complaint. And count four denied 11 of 27 paragraphs of the complaint. The first answer that was made. The last you said what? That was the first time that the defendants answered the complaint. It was done after the close of plaintiff's case in chief. At the directive of the court, there was no motion pending. The court just directed that the answer be made oral. Let me ask you this. Do you take the position if at that point in time, instead of the scenario that happened, the court directed the answer. If the defense had stood up and said, in light of your position on the Hecht case, I request leave to file an answer. Would the court have had the power to grant leave to file an answer at that point? Under Rule 183, possibly, but it has to be upon motion and with good cause shown. Okay. Then what's the practical difference between doing that and the court arguing that the court ordering that an answer be filed so the court knows in this bench trial what issues have been met? The difference is Rule 183 requires a motion to be made. We can argue about whether it means motion of the parties. It says motion. But it also says upon notice with good cause shown. And we're going to get into the good cause shown shortly. But no, I do not believe based upon the record, and it is our position as the appellants in this case, there was no basis in the record for the court to grant at that point in time. Okay. Now, I told you about all of the allegations that were denied then after the close of Plaintiff's case in chief. Plaintiff's then sought, by filing a 308 interlocutory appeal motion, which was granted and which landed us here. There was no motion for the defendant to have the answer. Correct. There was no motion made by the defendants to file an answer. There was merely a directive made by the court that says you defendants will be filing an answer within five minutes after we closed our case. That's the record. Now, let's move on to the questions. Question one is about are allegations which are not denied deemed admitted? The clear answer to question one from the trial court to be answered by you is yes. The authority is section 2-16 of the civil procedure, which says exactly that. Allegations except for damages which are not denied are deemed admitted. Question one, answer yes. Question two, admissions. Are admissions, if a fact is deemed admitted in the pleading, is the admission, judicial admission, making it necessary for the party to introduce evidence and support thereof? Answer yes. Authority for that is Gowdy v. Richter, which we have in our brief. Gowdy v. Richter says when you have a verified complaint and when the allegations are not denied, they're deemed admitted and they are judicial admissions. The authority is cited to the circuit court. Question three. Does the court have the discretion after the close of the plaintiff's case in chief to direct the defendant to make an answer to the initial complaint? We believe you should answer that no. Now, Your Honor, I'm going to come to the 183 question. 183 requires a motion for good cause shown. The cause shown or argued for by the defendants was we were never required to find an answer. Could they have said, well, it was oversight, I messed up, I'm sorry, and made a record of what good cause was? They could, but they did not. The only grounds, and they continue to argue this in their briefings to this court, was that we were never ordered by any court, nor were we under any rule or statute, that told us to answer the complaint. Rule nine of the local rules of the Second Judicial Circuit provide that when you have a motion, such as a motion to dismiss, a motion for summary judgment that is denied, if there's no further time element placed in the record by the court, they have 21 days to answer. There is such a rule. There was no answer filed. So the good cause argued for by the defendants is no cause at all. They just said we were not required by any rule, statute, or court order to answer. In fact, they were. That is not good cause shown. So we request that question three be answered in the negative. In this case, go back to the trial court. The practical effect will be the failure to answer the allegation that the complaint will be deemed to be admissions, and in fact, judicial admissions, which cannot be controversial. And the practical effect of this to a attorney like me is that the court does not answer the questions in the way that I request. Why would I ever find an answer? I just go to trial. Could the trial tell the defendants that you have a verified answer now? Excuse me? Could you say that again? Could the trial now tell the defendants to have a verified answer now? The trial court directed the defendants after our close of evidence to read into the record an answer. And then my recollection is Mr. Mag called on behalf of the defendants, either most or all of them, and they went on the stand and they verified as to the accuracy of the answer that was read into the record by counsel. Okay. That's what happened. But if there's no requirement to file an answer, why should I? I wait for trial. I see what happens, and then I say, well, I need to file an answer now. That completely does away with 2610 of the Code of Civil Procedure, which says if you don't deny allegations in a complaint or pleading, they're deemed admitted. It throws that clear out the window, which is not the purpose. We operate off of rules. It's not a game. There's an argument made, and I'll address that now. It's in the brief of the defendants that says, well, the game started. The plaintiffs never told us in advance we had an answer. Can you picture this scenario? I call Mr. Mag, and I say, the defendants have an answer. And oh, by the way, you haven't filed any affirmative defenses or any counterclaims against my clients. And he says, thank you. We really need to look into that and do it. If I did that, am I subject to malpractice? For alerting the other side to say, go ahead and sue us, try to find a way to do it? No, that's not my job. My job is to play by the rules that were given, and if allegations are not answered, they're deemed admitted. To allow judicial admissions after the close of the plaintiff's case in chief to be controverted by an answer filed thereafter solely at the directive of the court subverts all the rules that I just told you about, plus county views. We've all practiced law. We've all been in situations where the office is in chaos and something we would have sworn was filed, never got out of the office, may not have ever even been prepared. And we've all unfortunately been in that situation. Does that constitute good cause or not? Judge, I think that would have to be based upon the record that was before you and why there was such chaos in the office. I can't answer your question with a straight up yes or no. But that point was never made in this case. The sole point argued was we were never under any requirement to answer. It wasn't made when the defendant's counsel basically said, I could have sworn we filed an answer. Could you give me a minute to look in the file and see if it's there? Does that constitute a good cause? No, because then he comes back and he says, I don't seem to have an answer at this time. I simply know that there is, as far as I'm aware, no order directing that an answer be filed by a specific name. And why would you have a trial when there's no answer? How do you have a trial then? Because you have to rely upon the admissions and the complaint to prove up your case. It's not a default. The defendant's appeared. They entered an appearance. This is not a default matter. This is going to trial based upon the merits and the facts. And if they are deemed admissions, which are judicial admissions, you can't controvert them. So your trial becomes compressed based upon the admissions, which is the way we proceeded. That's why the very first thing I did was to seek leave of court to read those admissions into the record, which negated the need for any further proof except on the irreparable harm. I believe that's the proper procedure to follow in a case like this. And that's the procedure I follow on behalf of the plaintiff. If you have any questions, I'll try to answer them. I'll turn it over to Mr. Mag. I don't believe so. Thank you, counsel. May it please the court. My name is Thomas Mag. I represent the defendants in this case. Counsel. In opposition, what we're here arguing about is largely advisory. Counsel, at the trial court level, in the course of arguing what we're here arguing about today, advised the trial courts, and it's cited in my brief, citing First American Savings and Loan Association, Chicago, versus American National Bank. That's cited in the brief. However, where a party introduces evidence in support of his allegations and proceeds in litigating the case as though his adversary didn't properly respond, he waives the admissions of the facts he pled. So the dilemma I have is, if I now proceed under the court's ruling, I'm going to be deemed to have waived my claim of judicial admission, at least the way I read the author's comments about 2.6 and B. The record in this case then shows that Mr. Stewart, counsel for the plaintiff, did exactly what he advised the trial court would likely result in him waiving his argument. He called witnesses at trial. He did it under order, though. He was not ordered to call any witnesses at trial. What he could have done, and if he truly believed his position to be accurate, was simply say, Your Honor, I respectfully tender these as judicial admissions, and I rest. He could have done that, and that would not have waived. It's a very similar situation to where a party goes to trial and files a motion for, or makes a motion for a directed verdict or a judgment as a matter of law. If the party making that motion truly believes that it is a viable motion, and that motion is denied, he still waives that motion by presenting the defendant's case in chief. That's very clear, very well established in the rules. I've done that myself before I learned that that was the rule. All he can do is go to the court. So the fact that he proceeded himself to waive whatever argument he has here today, and frankly renders all of this advisory because he waived it. Substantively, addressing some of the arguments addressed to counsel for the plaintiff, I did request leave of court to file the oral ask. It's in the record. It's before the court. You can see it. It's there. Was it a written motion? No. It was an oral request, i.e. an oral motion. That's where the trial court, upon Mr. Stewart's motion for reconsideration, I believe came up with the idea to order the filing of the oral answer, was granting my request made the previous day to do so. So to the extent that Rule 183 requires a motion, an oral request, an oral motion was made. As I stated before, no written motion to that effect was made, but an oral motion is still a motion. Additionally, Supreme Court Rule 183 is very clear. Even assuming arguendo that there was a time period to file the answer, Supreme Court Rule 183 states, the court for good cause shown on motion after notice to the opposite party may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time. As I stated before, I did make the oral request, the oral motion. The court has the discretion to grant that motion, which is one of the three certified questions before the court. Does a trial court have discretion? The answer is yes, under Supreme Court Rule 183, the trial court has discretion. There isn't a question of whether or not the trial court would abuse that discretion. That's not presented to the court. The question is, does it have the discretion? Yes, it does, under Supreme Court Rule 183. The first two questions, certified questions, quite frankly, by answering that question are rendered moot. If Supreme Court Rule 183 gives the trial court discretion, whether the answers to questions one and two are yes or no, frankly, doesn't matter at that point because... What do you think? Yes or no? As a general proposition, all things being equal, yes. Yes, yes? Yes, yes. Good. But all things are not equal. I mean, if an answer had been ordered at a certain time period... Now, what, question three? Question three is, I believe the court has discretion to order the defendant to file an answer at any time before or after basically tracking the language of Supreme Court Rule 183. Is there a difference between the trial court having discretion to grant a motion to file an answer late, or is there a difference between that and the court ordering the filing of an answer? I think by ordering the filing of an answer, what the trial court did was grant my motion, my request. But I think, as Your Honor, I think, articulated earlier, the difference is somewhat academic. If this court were to find, for instance, that the court couldn't sua spate, order the defendant to file an answer, he should have required the defendant to file a motion or make a motion, then when this case gets remanded back to the trial court, the obvious thing to do in that circumstance would be to file, make a motion, to do exactly what the trial court previously allowed us to do. And that's assuming, arguendo, that the answer itself was late or untimely. There was no order to file an answer my specific date. The complaint was responded to via a motion to dismiss within the 30 days set forth on the summons. I've personally been in the circumstances, frankly about to come up in another case on appeal before Your Honors, that I won a trial where the defendant, I literally had to file a motion to order the defendant to file an answer six months after his motion to dismiss had been denied. In that case, I couldn't find any rule that would allow me to have defaulted the defendant in that case, which is essentially what's asked for here. I had to ask the court to order an answer so I could do what the defense would do. Here, the defendant clearly knew what they were, or the plaintiff clearly knew that no answer had been filed. If they wanted a specific answer sometime before trial, they could have requested the court set a specific date to file that answer. That's what's commonly done in my experience is when a motion to dismiss is denied, either the motion to dismiss sets forth a specific time period or sets forth a specific time period to file an answer, or in the event that it doesn't and no answer is filed, that ultimately if no answer is filed and the parties can't come to some agreement on that, that motion is filed compelling to file an answer by a certain date. There's nothing in the rules, as I said before, or the code of civil procedure, that mandates the filing of an answer on a specific date, assuming that a timely entry of appearance and a timely motion to tackle the pleading has been filed. Right now, is there a written, verified answer? The way you phrased that question, the answer to your question is no. What there is, is in the record, tied down by a court recorder, which is in the record before your honors, where the defendant goes through line by line with the complaint and admits or denies, and then thereafter, calls, as I believe Mr. Stewart correctly articulated, either all or most of the defendants, I believe it was all of them, but I won't argue if it's most of the defendants, to verify that the answers are true and correct. So as we sit here today, there is an answer on file as requested. Verified. It is verified. I didn't want to get into the dispute of whether that's verified or not, so I called the defendants to verify it, which I thought the most prudent thing to do. Good. Yes, on their own. Okay. Unless the court has any further questions? I don't believe so. Thank you, counsel. Thank you. Counsel? Excuse me. Mr. Magg led with the waiver argument, so let's file that ground first. Pages 1, 2, and the top of page 3 of our reply brief address that, and it specifically addresses the first federal savings and loan case. The first federal savings and loan case, for the two reasons cited in the reply brief, are not applicable to the case that we have at hand. In the first federal case, we have a situation where there was not an answer filed, I believe, to some affirmative defenses. The case went to trial. There was no request at trial to have the failure to answer be deemed admission, so as part of the evidentiary record, counsel didn't stand up and say, as part of the record in my case, I want these deemed to be admitted. No, what happened was, counsel, for all sides, fully litigated the case, and no one brought up the issue of judicial admissions. The case goes up on appeal. There's an issue about, oh, well, wait a minute. There was not an answer filed. So all those facts are deemed admitted. The appellate court says, and it starts out with a rendition of Section 216 of the Code of Civil Procedure, and it goes, well, you don't deny facts are deemed admitted. However, where evidence is introduced in support of the allegations and proceeds to litigate the case as though his adversary's response to pleadings had been properly filed, and all the issues created by the pleadings were fully litigated, then there's a waiver of claiming that there was admissions, and I highlight it, underline in the brief the following statement by the appellate court at First Federal Savings. Not having raised a point of pleading before the trial court, the appellate here is now in no position to assert that the appellee admitted his allegations. No assertion at the trial court at First Federal Savings. We have here. That's the very first thing I did was to seek the admissions. Second proposition of why First Federal Savings doesn't apply. There was not a full litigation of the issues. There were two witnesses called on the issue of irreparable harm, and as you would know from a practicing lawyer before you came here, you allege irreparable harm in a complaint. But when you get to trial, you show the facts to support that. You can allege irreparable harm and it will pass a motion to dismiss. All I presented was evidence on irreparable harm. No evidence was presented on any other portion of counts one and two, and no evidence at all on any other plaintiff's own accounts three and four on crimes from this document. Not one single one. So First Federal does not apply based upon the facts of this case. Again, we sought the judicial admissions right out of the gate in this case, and we only presented evidence on irreparable harm. Next is Rule 183. In order for 183 to apply, there has to be good cause shown. And under the record of this case, there was not. And when you look at it, they were directed by the court. The record is clear on this. They were directed by the court to file their answer after the plaintiff's case achieved was closed, after the court reconsidered its evidentiary admission rule. We had plowed that ground, and the ruling was at the time their evidentiary admission in the record. It was an argument about whether they evidentiary or judicial. Do you dispute counsel's claim that there was an oral motion made to file an answer? The statement that was in the record was, we can file an answer if you want us to. I believe those, I'm very close to stating what counsel said on the record. It was not a statement of, we will look into the record and answer to the verified complaint. You will not find those words in this record. There was merely a statement of, oh, well, I guess we could do it. But no motion was made. It was just that ad hominem statement. The trial judge is in a position,  in a bench trial, where they're looking at a complaint and they're saying, I don't really know, because there's no answer on the file, and that's uncontested, I don't really know what's at issue. In that situation, is there a practical difference between granting an oral motion or semi-oral motion to file an answer and ordering the filing of an answer so the trial judge in the exercise of his or her discretion and being the finder of fact as well as law in a bench trial can actually know what is at issue before the court and be able to deal with those matters that are admitted and those matters that are contested intelligently and comprehensively rule on the case. If done before trial commences, answer to your question, yes. If done after trial commences and after plaintiff's case in chief for no good cause shown, answer no. Thank you. We appreciate the briefs and arguments of counsel. We'll take the case under advisement and the court will be in a short instance.